IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


KAREN M. ROSE,                          :

        Plaintiff,                  :
                                    Case No. 3:09-cv-376

        vs.                         :
                                  JUDGE WALTER HERBERT RICE

GREENE COUNTY COMMON                     :
PLEAS COURT,
                                         :

        Defendant

DECISION AND ENTRY SUSTAINING IN PART GREENE COUNTY COMMON PLEAS
COURT'S MOTION FOR SUMMARY JUDGMENT (DOC. #19) AND GRANTING
PLAINTIFF 14 DAYS FROM THE DATE OF THIS ORDER TO FILE AMENDED
COMPLAINT

Plaintiff Karen Rose filed suit against her former employer, the Greene

County Common Pleas Court, alleging violations of the Family and Medical Leave

Act ("FMLA"), 29 U.S.C. § 2615.  She also brings a claim under 42 U.S.C. § 1983

for alleged violations of her due process rights.  The parties have filed cross-

motions for summary judgment (Docs. ## 14 and 19).

Before reaching the merits of Plaintiff's claims, the Court must address a

threshold issue raised as an affirmative defense by Defendant Greene County

Common Pleas Court and fleshed out in its Motion for Summary Judgment.

Defendant argues that it is not *sui juris* and is incapable of being sued.  In *Malone*

*v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344

N.E.2d 126, 128 (Ohio 1976), the court held that "[a]bsent express statutory

authority, a court can neither sue or be sued in its own right."

Plaintiff argues that the requisite "express statutory authority" exists. An "employer" under the FMLA includes any "public agency," which is further defined to include "a political subdivision of a State." 29 C.F.R. §825.108 (citing 29 U.S.C. § 203(x)). Plaintiff therefore contends that the Greene County Common Pleas Court, as her former employer, is a proper defendant.

Federal Rule of Civil Procedure 17(b)(3), however, states that capacity to sue or be sued is determined "by the law of the state where the court is located." In *Lowe v. Hamilton County Department of Job and Family Services*, No. 1:05cv117, 2008 WL 816669 (S.D. Ohio March 26, 2008), Judge Dlott rejected the plaintiff's claim that, because the Hamilton County Department of Job and Family Services was an "employer" as that term was defined in the FMLA, it had the legal capacity to be sued. Citing *McGuire v. Ameritech Services, Inc.*, 253 F.Supp.2d 988, 1015 (S.D. Ohio 2003) (Rice, J.), Judge Dlott noted that "[u]nder Ohio law, neither Hamilton County Job and Family Services nor Hamilton County is *sui juris*. . . . counties are held accountable through their elected representatives, to wit, their commissioners." *Lowe*, 2008 WL 816669, at *2.

Plaintiff identifies no Ohio law authorizing the Greene County Common Pleas Court to be sued in its own right. Therefore, that court is not a proper party to this lawsuit, and dismissal of Plaintiff's claims would be warranted on that basis alone.

2

However, Federal Rule of Civil Procedure 15(a)(2), governing amendments to pleadings, states that "[t]he court should freely give leave when justice so requires." In this case, the parties have already spent considerable resources on this litigation. They have taken a number of depositions and have fully briefed cross-motions for summary judgment. Moreover, because the substance of the parties' arguments concerning the merits of Plaintiff's claims is not dependent on Plaintiff having identified the proper defendant, neither party will suffer significant prejudice if the Court grants Plaintiff leave to amend her complaint to name the Greene County Board of Commissioners as the proper defendant.

For the reasons stated above, the Court SUSTAINS Defendant Greene County Common Pleas Court's Motion for Summary Judgment (Doc. #19) as to the issue of capacity to be sued. However, Plaintiff shall have 14 days from the date of this Order to file an Amended Complaint substituting the proper defendant.

In the Court's view, there is no need for the parties to re-submit their cross-motions for summary judgment after an Answer to the Amended Complaint has been filed. The Court will simply reserve ruling on the merits of Plaintiff's claims until that time. If either party believes that supplemental briefing is needed after the Answer to the Amended Complaint has been filed, that party may, within 10 days of the date the Answer is filed, file an appropriate motion seeking leave to file a supplemental brief.

May 3, 2011

_____
WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

4